Case 3:20-cv-00529-ECM-JTA   Document 1   Filed 07/27/20   Page 1 of 8

RECEIVED
JUL 27 2020
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EUGENE SCALIA,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>Aprinta Group, LLC, William Austin Dolan, II,<br>Aprinta Group Healthcare Plan, LLC and<br>Aprinta Group, LLC Disability Plan,<br><br>Defendants. | FILE NO.<br><br>3:20-cv-00529-ECM-JTA<br><br><br><br><br><br>**C O M P L A I N T**<br>**(Injunctive Relief Sought)** |

Plaintiff EUGENE SCALIA, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR ("Secretary") alleges as follows:

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought by the Secretary under §§ 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of that Title.

2. This court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue lies in the Middle District of Alabama pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4. The Aprinta Group Healthcare Plan, LLC, and the Aprinta Group, LLC, Disability Plan (hereinafter "the Plans") are employee benefit plans within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3), subject to coverage under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a), and are joined as party defendants herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief may be granted.

5. Defendant Aprinta Group, LLC, (sometimes the "Company" or "Aprinta") is a Delaware limited liability corporation, which at all relevant times, did business in the State of Alabama and sponsored the Plans.

6. The Company was, at all relevant times, a "fiduciary" to the Health Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C). The Company was the named Plan Administrator. The Company was responsible for collecting and remitting employee contributions to the Health Plan and had discretionary control over the administration of the Health Plan and over that Plan's assets.

7. The Company was, at all relevant times, a "fiduciary" to the Disability Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C.

§ 1002(14)(A) and (C). The Company was the named Plan Administrator. The Company was responsible for collecting and remitting employee contributions to the Disability Plan and had discretionary control over the administration of the Disability Plan and over that Plan's assets.

8. Defendant William Austin Dolan, II ("Dolan"), an individual and Aprinta's Owner and Chief Executive Officer, was at all relevant times a "fiduciary" to the Health Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C). Dolan had control over the bank accounts holding assets of the Plan and made decisions regarding when and if to remit employee contributions to the Plan.

9. Defendant William Austin Dolan, II ("Dolan"), an individual and Aprinta's Owner and Chief Executive Officer, was at all relevant times a "fiduciary" to the Disability Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C). Dolan had control over the bank accounts holding assets of the Plan and made decisions regarding when and if to remit employee contributions to the Plan.

10. The Company established and sponsored the Health Plan and the Disability Plan beginning in 2014.

11. The Plans permitted participants to contribute a portion of their pay to the Plans through payroll deductions.

12. For payroll periods between February 24, 2017 and April 7, 2017, Defendants Aprinta and Dolan withheld employee contributions to the Health Plan in the amount of $30,418.49, failed to segregate the contributions from Company assets as soon as they reasonably could do so and never forwarded them to the Plan.

13. For payroll periods between January 1, 2018 and May 22, 2018, Defendants Aprinta and Dolan withheld employee contributions to the Plan in the amount of $4,776.83, failed to segregate the contributions from Company assets as soon as they reasonably could do so and never forwarded them to the Plan.

14. During the periods that participant contributions were not remitted to the Plans as required, Defendants Aprinta and Dolan caused or allowed the contributions to be commingled with the general assets of the Company.

15. Defendants Aprinta and Dolan caused or allowed the commingled funds referred to in the preceding paragraph to be used for Company purposes and obligations rather than for the exclusive benefit of the Plans and the Plans' participants and beneficiaries.

16. Defendants Aprinta and Dolan have failed to take action to restore to the Plans the full amount of the un-remitted contributions plus lost interest that would have accrued but for the actions described in the preceding paragraphs.

17. Defendants Aprinta and Dolan failed to monitor, control or attempt to rectify the acts of one another with respect to the Plans.

18. By the actions described in paragraphs 10 through 21, Defendants Aprinta and Dolan, as fiduciaries of the Plan,

(a) failed to discharge their duties with respect to the Plans solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plans, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

(b) failed to discharge their duties with respect to the Plans solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

(c) failed to discharge their duties with respect to the Plans in accordance with the documents and instruments governing each plan, insofar as such documents and instruments are consistent with ERISA, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D);

(d) failed to ensure that all assets of the Plans be held in trust by one or more trustees, in violation of ERISA § 403(a), 29 U.S.C. § 1103(a);

(e)     failed to ensure that the assets of the Plans did not inure to the benefit of the Company, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

(f)     caused the Plans to engage in transactions which they knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of a party in interest, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

(g)     dealt with assets of the Plans in their own interest or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

(h)     acted in the transactions described involving the Plans on behalf of a party whose interests were adverse to the interests of the plan or the interests of its participants and beneficiaries in violation of § 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2).

19.    Defendants are each liable for the breaches of the other, pursuant to § 405(a) of ERISA, 29 U.S.C. § 1105(a), in that they either (1) participated knowingly in an act of the other fiduciary, knowing such act was a breach, in violation of § 405(a)(1) or ERISA, 29 U.S.C. § 1105(a)(1); (2) failed to monitor or supervise the other fiduciary and thereby enabled the breach, in violation of § 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2); or (3) had knowledge of a breach by the other fiduciary and failed to make reasonable efforts under the circumstances to remedy the breach, in violation of § 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3).

20. Defendants Aprinta and Dolan failed to maintain an adequate fidelity bond, in violation of § 412(a) of ERISA, 29 U.S.C. § 1112(a).

WHEREFORE, pursuant to § 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5), Plaintiff prays that the Court:

A. Order Defendants Aprinta and the Company to restore to the Plans all losses, including interest or lost opportunity costs, which occurred as a result of their breaches of fiduciary obligations

B. Appoint a successor fiduciary or administrator, at Defendants Aprinta and the Company's expense;

C. Permanently enjoin Defendants Aprinta and Dolan from serving as fiduciary, administrator, officer, trustee, custodian, agent, employee, representative, or having control over the assets of any employee benefit plan subject to ERISA;

D. Enjoin Defendants Aprinta and the Company from engaging in any further action in violation of Title I of ERISA;

E. Award Plaintiff the costs of this action; and

F. Provide such other relief as may be just and equitable.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

KATE S. O'SCANNLAIN
Solicitor of Labor

TREMELLE I. HOWARD
Regional Solicitor

ROBERT M. LEWIS, JR.
Deputy Regional Solicitor &
Counsel for ERISA

WINFIELD W. MURRAY
Trial Attorney
Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff
Telephone: (404) 302-5435
Fax: (404) 302-5438
murray.winfield.w@dol.gov
SOL Case No. 20-00391

By: _____
SAMANTHA R. MILLER
Assistant U.S. Attorney
New York Bar No.: 5342175
U.S. Attorney's Office
Middle District of Alabama
Post Office Box 197
Montgomery, AL 36101-0197
Telephone: (334) 223-7280
E-mail: samantha.miller@usdoj.gov
Attorney for Plaintiff