IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARTIN WALSH, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACT. NO. 3:20-cv-529-ECM ) (WO) |
| APRINTA GROUP, LLC, WILLIAM AUSTIN DOLAN, II, APRINTA GROUP HEALTHCARE PLAN, LLC, AND APRINTA GROUP, LLC DISABILITY PLAN, | ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Now before the Court is a motion by Plaintiff Martin Walsh, Secretary of Labor, United States Department of Labor ("Walsh"), for entry of default judgment against Aprinta Group, LLC ("Aprinta") and William Dolan, II ("Dolan"). (Doc. 23).[1]

On July 27, 2020, Walsh filed suit against Dolan; Aprinta Group, LLC; Aprinta Group Healthcare Plan, LLC; and Aprinta Group, LLC Disability (collectively "Defendants"). (Doc. 1). The complaint alleges that the Aprinta Group Healthcare Plan, LLC and the Aprinta Group, LLC Disability Plan ("the Plans") are subject to the Employee Retirement Income Security Act of 1974 (ERISA). Aprinta was named the Administrator

---

[1] Aprinta Group Healthcare Plan, LLC and Aprinta Group, LLC Disability Plan were named as Defendants solely to ensure complete relief. (Doc. 1 at 2 & Doc. 23 at 2).

of the Plans. Dolan was the Owner and Chief Executive Officer of Aprinta. He had control over the bank accounts holding assets of the Plans. The Complaint alleges that for payroll periods between February 24, 2017 and April 7, 2017, and for the payroll periods from January 1, 2018 and May 22, 20218, Aprinta and Dolan withheld employee contributions in the amount of $30,418.49 and $4,776.83, respectively, but failed to segregate the contributions from Aprinta assets and never forwarded the contributions to the Plans. (Doc. 1 at 4). The complaint seeks relief in the form of restoration to the Plans of all losses, appointment of a successor fiduciary or administrator upon motion of the Plaintiff, removing Aprinta or Dolan as fiduciary and enjoining them from serving as an ERISA fiduciary in the future.

The Defendants failed to file an answer or otherwise appear in this lawsuit within the time limits set forth in the Federal Rules of Civil Procedure. Accordingly, on May 28, 2021, the Clerk entered a default against the Defendants. (Doc. 22). On August 5, 2021, Walsh filed a Motion for Default Judgment. (Doc. 23). The Defendants did not file a response to the default judgment motion within the time given by the Court in its order to show cause why the motion ought not be granted. (Doc. 24). For reasons to be discussed, the motion for default judgment is due to be GRANTED.

## II.   JURISDICTION and VENUE

This Court possesses subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Personal jurisdiction and venue are uncontested.

## III.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(a), the Clerk of Court must enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . .."  Further, "[i]f the plaintiff's claim is for a sum certain . . . the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . . ." FED.R.CIV.P. 55(b)(1).

Once a default has been entered, "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu v. Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  A district court need not hold a hearing to determine damages when "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231-32 & n.13 (11th Cir. 2005).

## IV.  DISCUSSION

In support of its motion for default judgment, in addition to the allegations of the complaint, Walsh submits a declaration of Anya Armbrister ("Armbrister") of the Employee Benefits Security Administration. (Doc. 23-1).  In this declaration, Armbrister states that the Defendants withheld employee contributions in the amount of $30,418.49 and in the amount of $4,776.83, and failed to segregate the contributions from company assets and failed to forward them to the Plans. (Doc. 21-3 at 3).

ERISA broadly prohibits fiduciaries from self-dealing with respect to plan assets or

allowing a plan to engage in transactions involving parties in interest. *See* 29 U.S.C. § 1106(a)(1), 29 U.S.C. § 1106(b)(1).   ERISA also requires fiduciaries to act loyally, or for the exclusive purpose of the plan beneficiaries, and to act prudently in discharging their fiduciary obligations. *See* 29 U.S.C. § 1104(a)(1)(A); 29 U.S.C. § 1104(a)(1)(B).   Walsh's allegations in the complaint, and the supporting evidence, concerning employee contributions which were withheld, but were not segregated from company assets and were not forwarded to the Plans, are sufficient to establish violations of these provisions of ERISA by fiduciaries Aprinta and Dolan. The motion for default judgment is, therefore, due to be GRANTED.

## V.   CONCLUSION

Accordingly, it is ORDERED that the Motion for Entry of Default Judgment (doc. 23) is GRANTED.   A separate FINAL JUDGMENT will be entered.

DONE this 10th day of September, 2021.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE